UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

---

CASE NO. *5:18-cv-00420*

---

REX I. HATFIELD, pro se,
-PLAINTIFF,


vs.


UNITED STATES OF AMERICA,
-DEFENDANT

FILED

MAR 1 2 2018

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

---

MOTION FOR DAMAGES AND SUPPORTING BRIEF
PURSUANT TO 18 U.S.C. §4126, INMATE
ACCIDENT COMPENSATION ACT

---

REX I. HATFIELD
NO. 03591-088
FCI BECKLEY
P.O. BOX 350
BEAVER, WV 25813

## STATEMENT OF JURISDICTION

The district courts shall have jurisdiction of all civil actions under the constitution, laws, or treaties of the United States.

ISSUE PRESENTED FOR REVIEW

DUE TO DEFENDANTS NEGLIGENCE, PLAINTIFF IS ENTITLED TO DAMAGES
PURSUANT TO THE INMATE ACCIDENT COMPENSATION ACT, 18 U.S.C.
§4126.

TABLE OF CONTENTS

Page

STATEMENT OF JURISDICTION.................................. i

ISSUE PRESENTED FOR REVIEW................................. ii

TABLE OF CONTENTS......................................... ii

TABLE OF AUTHORITIES...................................... iii

RELEVANT HISTORY.......................................... iv

SUMMARY OF ARGUMENT....................................... 1

STANDARD OF REVIEW........................................ 1

ARGUMENT.................................................. 1

CONCLUSION................................................ 7

CERTIFICATE OF SERVICE.................................... 9

# TABLE OF AUTHORITIES

Cases                                                                    Page


Church v United States,
2014 U.S. DIST. LEXIS 155607 (D.SC, 4th Cir.)..........  4

Harwood v. United States,
2009 U.S. DIST. LEXIS 64131 (S.D. W.Va, 4th Cir.)......  5

McMillion v. Selman,
193 W.Va 301, 456 S.E.2d 28 (1995)....................  5

Neal v. Fed. Corr. Inst. McDowell,
2017 U.S. DIST. LEXIS 132550 (4th Cir.)...............  1

Thompson v. United States,
495 F.2d 192 (5th Cir. 1974).........................  1




Statutes

18 U.S.C. §1922.......................................  1

18 U.S.C. §4126.......................................  4



Other

28 C.F.R. §301........................................  2

BOP Program Statement 8570.01.........................  6

## RELEVANT HISTORY

> On October 28, 2015, while performing his work duties at UNICOR Industries, the tool that Plaintiff was using snapped apart and a piece of it struck him in the left eye. Tool: Liberty/ World back pin removal pliers, serial no. 9900380008NL00. Plaintiff immediately reported the incident to shop manager Tate. The incident occurred just before the end of the work day, approximately 14:30 hours.

> Plaintiff then entered the restroom to wash his eye out. He was unable to clean his hands because there was no soap available. This matter had been brought to the attention of UNICOR management several weeks before with no resolution.

> Institutional recall occurred shortly thereafter and Plaintiff returned to his housing unit. Plaintiff then experienced a sleepless night due to the pain and discomfort in his eye. Applying eye drops made no difference.

> The next morning, Friday, October 29, 2015, Plaintiff reported to work and informed manager Tate that his eye was giving him great discomfort and he may have to go to medical to have it checked out. Later that morning Plaintiff was called to medical to see his chronic care Doctor for unrelated matters and when Plaintiff informed medical personnel of his eye problem he was immediately referred to Dr. Wesley Carr, optometrist, for examination. Immediately upon examining the eye Dr. Carr recommended that Plaintiff be taken to a medical facility where stitches could be sewn into the eye. This was not done.

> Plaintiff was instead given a 7 day lay in (medical exemption) from work.

> Plaintiff immediately reported back to work and informed Supervisor of Industry (SOI) Brett Boyd and shop manager Tate about the medical lay in.

> Plaintiff then returned to his housing unit and filed a grievance regarding the lack of soap in the restroom.

> On Tuesday, November 3, 2015, SOI Boyd called Plaintiff to UNICOR to discuss the grievance regarding the soap. Plaintiff and SOI Boyd arrived at a solution and Plaintiff signed off on the grievance. Plaintiff also discussed the eye injury with SOI Boyd and Boyd had Plaintiff sign papers so he would get paid for his time off.

> On November 5, 2015, Plaintiff was taken to an outside Opthamologist where Plaintiff was informed that it was to late for stitches, the eye had healed and scarred over.

> The injury and subsequent lack of care caused permanent damage to the eye.

> Pursuant to the Inmate Accident Compensation Act (IACA) a BP-140 accident report should have been filed within 48 hours of the injury occurrence. No report was filed.

SUMMARY OF ARGUMENT

On October 28, 2015, Plaintiff, Rex I. Hatfield suffered
an eye injury while performing his work duties at UNICOR Industries.
Although Plaintiff reported the injury immediately to his super-
visor no report of the incident was ever filed in direct violation
of the Inmate Accident Compensation Act (IACA, 18 U.S.C. 4126).
Hatfield is seeking damages and lost work pay.

STANDARD OF REVIEW

The Inmate Accident Compensation Act provides an accident
compensation procedure "for injuries suffered in any industry
or in any work activity in connection with the maintenance or
operation of the institution in which inmates are confined."
18 U.S.C. 4126(c)(4)...the Prison Industries Fund, provides
the exclusive remedy for injuries incurred in work-related
incidents. (Section 4126 is also the exclusive remedy when a
work-related injury is subsequently aggravated by negligence
and malpractice on the part of prison officials.) Thompson v.
United States, 495 F.2d 192, 193 (5th Cir. 1974). 2017 U.S.
DIST. LEXIS 132550, Neal v. Fed. Corr. Inst. McDowell (4th Cir.)

ARGUMENT

Plaintiff was injured when a tool he was using snapped
apart and a piece of the tool struck him in the left eye. Plaintiff
immediately reported the incident to UNICOR shop manager William
Tate. (see Relevant History)

From the time Plaintiff informed shop manager Tate about

-1-

the injury to the present the United States and UNICOR Industries have been negligent in the way they have proceeded.

"The Inmate Accident Compensation Act is also the exclusive remedy for negligent treatment of federal prisoners work related injuries. A 'work related injury' is 'defined to include any injury including occupational disease of illness proximately caused by the actual performance of the inmates work assignment." 28 C.F.R. 301.302(a)" 2017 U.S. DIST. LEXIS 132550, Neal v. Fed. Corr. Inst. McDowell (4th Cir.)

The United States and UNICOR Industries were negligent when they failed to follow proper procedures when Plaintiff was injured. Pursuant to C.F.R. 28  301.105, Investigation and Report of Injury. (a) After initiating necessary action for medical attention, the work detail supervisor shall immediately secure a record of the cause , nature, and exact extent of the injury...

When the tool Plaintiff was using broke apart and a piece hit him in the left eye he immediately reported the incident to shop manager Tate. (witnessed by Burton Coker and Dana Gregory see affidavits, Exhibits A  and B ). The accident occurred at approximately 14:30 hours, 30 minutes before the end of the work day. After reporting the incident to manager Tate Plaintiff went to wash his eye out in the restroom. He was unable to clean his hands properly because there was no soap in the restroom. This was the subject of an ongoing grievance by the inmates assigned to UNICOR Industries for several months. (see affidavits).

About the time Plaintiff finished washing his eye out the recall announcement was made and Plaintiff returned to his

-2-

housing unit. He spent the night in great discomfort attempting to alleviate the pain and irritation with eye drops.

The next morning, Friday, October 29, 2015, Plaintiff reported to work and informed manager Tate that his eye was still giving him pain and discomfort and he may have to go have medical look at it. At about 10:30 that morning medical called Plaintiff to medical to see his chronic care doctor on an unrelated issue.

Upon arriving at Plaintiff informed medical personnel about the injury. It happened that Dr. Wesley Carr, optometrist, was at the prison that day and he examined Plaintiff's eye. He informed medical staff that the eye was torn and stitched were required. (see medical report Exhibit C ).

After the exam Plaintiff was given a seven day medical lay in to avoid any further exposure to chemicals. Plaintiff returned to work and informed manager Tate of the lay in. Plaintiff then returned to his housing unit.

At no time did manager Tate or Supervisor of Industries (SOI) Brett Boyd mention anything about an injury report. Upon arriving back at his housing unit Plaintiff filed a grievance regarding the lack of soap in the restroom. A few days later, November 3, 2015, SOI Boyd called Plaintiff to UNICOR where a solution to the soap problem was resolved. Plaintiff also discussed the eye injury and SOI Boyd had Plaintiff sign papers so he would get paid during his time off.

It wasn't until November 5, 2015 that Plaintiff was taken to see an ophthalmologist outside of the prison where he was informed that it was to late for stitches, the eye had scarred

-3-

over causing permanent damage.

Pursuant to C.F.R. Title 28 §301.303(a); "No more than 45 days to the date of an inmates release, each inmate who feels that a residual physical inpairment exists as a result of an industrial, institution, or other work-related injury shall submit a FPI Form 43, Inmate Claim For Compensation on Account of Work Injury. Assistance will be given the inmate to properly prepare the claim, if the inmate wishes to file."

Plaintiff currently has an appeal pending in the Seventh Circuit which if successful will result in his immediate release. With that in mind Plaintiff went to the Safety Department at FCI Beckley to obtain a copy of the injury report (BP-140). He was informed that there was no record of the injury.

UNICOR Industries, SOI Boyd and Shop Manager Tate were negligent when they failed to file an injury report when they were notified of the accident/injury. This failure to report was in violation of BOP policy, Code of Federal Regulations, OSHA and violates Criminal Code 18 U.S.C. §1922, False or withheld report concerning Federal employees compensation.

By definition the failure to report is a negligent act covered by 4126 (IACA).

"Section 4126 is also the exclusive remedy when a work related is subsequently aggravated by negligence and malpractice on the part of prison officials." 2014 U.S. DIST. LEXIS 155607, Church v. United States (D. SC., 4th Cir.)

The United States/UNICOR Industries were negligent on multiple levels relative to the eye injury Plaintiff suffered while per-

-4-

forming his work duties at UNICOR Industries. First, UNICOR was negligent for failing to provide soap in the restroom for UNICOR employees. This prevented Plaintiff from being able to wash the chemicals from his hands before washing his injured eye out. Dr. Edwards confirmed that the chemicals caused further, unreversible damage to the injured eye (see Medical Report, Exhibit D ). Second, UNICOR was negligent for not reporting the work related injury as required, and three; the medical department was negligent when they withheld treatment to the eye at the time it was brought to their attention, and at the recommendation of Dr. Carr, which caused permanent damage to the eye.

"The mere happening of an accident is legally insufficient to establish liability. There must be evidence of alleged negligence, i.e., that the United States owed the Plaintiff a duty to take care and breached it through some act, or omission to act...(see McMillion v. Selman, 193 W.Va 301,303, 456 S.E.2d 28, 30 (1995)), 2009 U.S. DIST. LEXIS 64131, Harwood v. United States (S.D. W.Va, 4th Cir).

The ultimate test of negligence is the existence of a duty to use care and is found in the forseeability that harm may result if it is not exercised.

The United States/UNICOR Industries is taking the position that, (1) the injury did not happen while Plaintiff was at work or (2), if it did happen it wasn't reported in a timely manner. However, the facts supported by documentation prove otherwise.

When the tool broke Plaintiff reported it to manager Tate. Due to security concerns at the prison tools are kept under

strict control and the broken tool had to be reported to manage-
ment immediately otherwise it would have created a security
breach. When Plaintiff reported the broken tool he also reported
the eye injury. It was the responsibility of UNICOR management
to immediately make a report of the injury (BP-140). This manage-
ment failed to do. The next morning when Plaintiff reported
to work he informed manager Tate that the eye was still causing
pain and discomfort Tate had an opportunity to file an injury
report. Again he failed to do so. When Plaintiff returned from
medical to inform both manager Tate and SOI Boyd about the medical
lay in they again failed to record the injury.

It was most certainly foreseeable by UNICOR management
that the failure to file a report would cause Plaintiff harm
in that he would be denied the compensation in which he was
entitled. In addition, the BOP failed to assist Plaintiff in
his IACA claim as required by IACA and C.F.R. §301. Additionally,
pursuant to Program Statement 8570.01, upon arriving at FCI
Beckley each inmate is **required** to receive a copy of the handbook,
"Inmate Accident Compensation Procedures." Not only is this
not done at FCI Beckley, prison staff has no knowledge of it.

Plaintiff filed Administrative Remedies as required (see
Exhibits E1 - H3 ). Initially Plaintiff was denied for not
reporting the accident in a timely manner. When medical records
disputed that response Plaintiff was then denied for not reporting
the remedy within twenty days of the occurrence of the incident.
When Plaintiff showed that he did file within 20 days of dis-
covering that no report had been filed he was then denied for
not appealing the decision within the permissible 20 days to

-6-

the Regional Office, where the Region claimed that they didn't receive the appeal until July 10, 2017 when Plaintiff had a signed **postal receipt** clearly showing that it was signed for on June 29, 2017 by D. Pacey (see Exhibit I ). The Central Office then supported the Region's decision and as far as the BOP was concerned the matter was closed.

Having no assistance by the BOP as required and no handbook to rely on for guidance Plaintiff filed a TORT claim with the (EXHIBIT J) BOP in error. In it plaintiff asked for a sum certain of $55,000 for the eye injury. This was based upon the permanence of the inury and West Virginia Worker's Compensation Law. Although the TORT was not the proper way to proceed the process gave the BOP ample opportunity to correct the record. They failed to do so.

CONCLUSION

Plaintiff brings forth this action with the request that the Court make the following findings, (1) Plaintiff was injured while performing his work duties as described in the brief; (2) defendants were negligent in their duty to document said injury pursuant to 18 U.S.C. §4126, and C.F.R. 28 §301; (3) the United States/UNICOR INDUSTRIES were negligent for failing to provide soap in the restroom thereby causing further and irreparable damage to Plaintiff's eye when he washed his injured eye out, and; (4) medical personnel were negligent when they failed to properly treat Plaintiff's eye causing additional damage.

Plaintiff requests that the Court find in his favor and award him the $55,000 previously noted.

Dated: 3/08/2018 _____

_Rex I. Hatfield_
Rex I. Hatfield


I attest under penalty of perjury that all information contained herein is true and accurate to my knowledge.

_Rex I. Hatfield_
Rex I. Hatfield

CERTIFICATE OF SERVICE


I, Rex I. Hatfield, do attest under penalty of perjury
that a true copy of the foregoing Motion for Damages has been
sent by regular United States Postal Service to the United States
District Attorney, 300 Virginia Street East, Room 4000,
Charleston, West Virginia 25301.


Date: 3/8/2018                         _Rex I. Hatfield_

                                       Rex I. Hatfield

EXHIBIT "A"

## AFFIDAVIT OF BURTON COKER

My name is Burton Coker. I am over 18 years of age. I reside at the Federal Correctional Institution, 1600 Industrial Rd., Beaver, West Virginia, 25813. I am fully competent to make this affidavit and I have persoanal knowledge of the facts stated in this affidavit.

Statement:  I, Burton Coker, inmate no. 16779-058, did work at UNICOR Industries at the federal correctional institution near Beckley, West Virginia. During the year 2015 I worked on assembly line 1. During that year the soap dispenser in the restroom ran out of soap. When it was brought to the attention of Mr. Brett Boyd, superintendent of UNICOR, he responded by saying that they had stopped refilling the dispenser because inmates were stealing the soap. This was in June of 2015. In September of 2015, myself, Calvin Ford and William Hosey asked line expediter Rex Hatfield if he would talk to Mr. Boyd about filling the soap dispenser so we could wash the chemicals that we worked with off of our hands before we went to lunch. We felt that it was not right that we had to eat lunch everyday without the ability to wash our hands beforehand. We approached Mr. Boyd as a group and Rex Hatfield asked Mr. Boyd about the soap. He told us to use the sanitizer provided at the chow line.

Later that year, October 28, 2015, I witnessed Rex Hatfield using the Liberty back pin remover tool. It broke and a piece of it hit Rex in the eye. He rubbed his eye with his dirty hands then went into the restroom to try and wash it out with water.

I, Burton Coker do hereby attest under penalty of perjury that the above statement is true and accurate to my knowledge.

Date: _5 - 1 - 17_ 

_Burton Coker_
Burton Coker

EXHIBIT "B"

## AFFIDAVIT OF DANA GREGORY

My name is Dana Gregory. I am over 18 years of age. I reside at the federal correctional facility near Beckley, West Virginia. The address is 1600 Industrial Rd., Beaver, WV 25813. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit.

Statement:

I, Dana Gregory, inmate number 20575-074, worked in UNICOR Industries during the year 2015. In June of 2015, Supervisor Mr. Brett Boyd stopped providing soap in the UNICOR factory. This was done allegedly because inmates were stealing the soap from the dispensers in the restroom. After Rex Hatfield was injured in an accident in October of 2015 UNICOR began putting soap back into the soap dispenser. This was part of an agreement from an administrative remedy.

Due to my permanent confinement to a wheel chair I am unable to climb steps to have this affidavit notarized. I due attest under penalty of perjury that the statement that I have provided is both true and accurate.

Date: 04-25-17

_____
Dana Gregory

Chemical List - UNICOR INDUSTRIES

> Red Lock Tite

> Blue Lock Tite

> Fabric Upholstery Cleaner

> White Grease

> Dextron II Transmission Fluid

> Upholstery Glue

> 2 Types Touch-up Paint

> 2 sided Sticky Tape

> 2 sided black glue strips

> oil for air gun

> grease and oils from prefab seat mechanisms and gas lifts

**EXHIBIT "C"**

**Bureau of Prisons**
**Health Services**
**Cosign/Review**

| Inmate Name: | HATFIELD, REX I | | | Reg #: | 03591-088 |
|---|---|---|---|---|---|
| Date of Birth: | 09/03/1956 | Sex: | M | Race: | WHITE |
| Encounter Date: | 10/29/2015 10:53 | Provider: | Carr, Westley O.D. | Facility: | BEC |

Reviewed by McLain, Dominick DO, CD on 10/30/2015 09:32.

EXHIBIT "C" Cont'd
**Bureau of Prisons**
**Health Services**
**Clinical Encounter**

| | | | | |
|---|---|---|---|---|
| Inmate Name: | HATFIELD, REX I | | Reg #: | 03591-088 |
| Date of Birth: | 09/03/1956 | Sex: M   Race: WHITE | Facility: | BEC |
| Encounter Date: | 10/29/2015 10:53 | Provider: Carr, Westley O.D. | Unit: | P05 |

Optometry - Optometry Exam encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1**     **Provider:** Carr, Westley O.D.

**Chief Complaint:** Eyes/Vision Problems

**Subjective:** Yesterday right before work ended at UNICOR IM states that his left eye started itching and burning like dry eye. When he woke this morning it was extremely red and has a FB sensation or possibly a "cut place"

**Pain:** No

**Vision Screen on** 10/29/2015 11:01

Blindness:

| | | | | | |
|---|---|---|---|---|---|
| Distance Vision: | OD: 20/30 | | OS: 20/50 | | OU: 20/30 |
| Near Vision: | OD: | | OS: | | OU: |

With Corrective

| | | | | | |
|---|---|---|---|---|---|
| Distance Vision: | OD: | | OS | | OU: |
| Near Vision: | OD: | | OS: | | OU: |

Present Glasses - Distance                     Refraction - Distance

| | Sphere | Cylinder | Axis | Add | | | Sphere | Cylinder | Axis | Add |
|---|---|---|---|---|---|---|---|---|---|---|
| R: | | | | | | R: | | | | |
| L: | | | | | | L: | | | | |

Color Test:

Tonometry:   L: 15      R: 16

Comments:

**OBJECTIVE:**

**Exam:**

  **Eyes**

   **General**

      Yes: Extraocular Movements Intact

   **Eye Tests**

      Yes: Cover-Uncover Test Normal

   **Visual Fields**

      Yes: Normal Fields

   **Slit Lamp**

      Yes: Normal Exam

   **Periorbital/Orbital/Lids**

      Yes: Normal Appearing

EXHIBIT "C" Cont'd

---

| | | | |
|---|---|---|---|
| Inmate Name:  HATFIELD, REX I | | Reg #:   03591-088 | |
| Date of Birth:  09/03/1956 | Sex:    M   Race:  WHITE | Facility:  BEC | |
| Encounter Date: 10/29/2015 10:53 | Provider:  Carr, Westley O.D. | Unit:    P05 | |

**Exam:**

    **Eyebrows**
        Yes: Normal Appearing
    **Conjunctiva and Sclera**
        Yes: Within Normal Limits R, Subconjunctival Hemorrhage L, Laceration(s) L
    **Cornea and Lens**
        Yes: Normal Appearing
    **Iris**
        Yes: Normal Appearing
    **Pupils**
        Yes: PERRLA
    **Fundus Exam**
        Yes: Grossly Normal Retina

<u>Comments</u>
    Pt has a 5mm jagged laceration of the bulbar conjunctiva to the temporal side OS.  The conjunctiva has a 5mmx4mm flap that is mobile.  An associated conjunctiva hemorrhage is present in the same area.

**ASSESSMENT:**

    Ocular laceration w/o prolapse of intraocular tiss, 871.0 - Current, Temporary/Acute, Initial - *Gentamycin oint tid OS and patching OS.  Consult written to see ophthalmologist. F/U in 1 week with optometrist.*

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | Gentamicin Ophth oint | 10/29/2015 10:53 | 1/4" ribbon In Affected Eye(s) Left Eye -  three times a day x 14 day(s) |

        **Indication:** Ocular laceration w/o prolapse of intraocular tiss
        **One Time Dose Given:** No

**New Consultation Requests:**

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|---|---|---|---|---|---|
| Ophthalmology | 12/04/2015 | | Emergent | No | |

    **Subtype:**
        Dr. Sadat / Office Visit
    **Reason for Request:**
        Laceration of the bulbar conjunctiva OS

**Disposition:**
    Consultation Written
    Follow-up in 1 Week

4.

EXHIBIT "C" Cont'd

| | | |
|---|---|---|
| Inmate Name:   HATFIELD, REX I | | Reg #:   03591-088 |
| Date of Birth:   09/03/1956 | Sex:   M   Race:   WHITE | Facility:   BEC |
| Encounter Date:  10/29/2015 10:53 | Provider:   Carr, Westley O.D. | Unit:   P05 |

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 10/29/2015 | Demonstration | | Carr, Westley | Verbalizes Understanding |
| | showed how to patch eye | | | |

Copay Required: No          Cosign Required:  No
Telephone/Verbal Order:  No

Completed by Carr, Westley O.D. on 10/29/2015 11:24
Requested to be reviewed by  McLain, Dominick DO, CD.
Review documentation will be displayed on the following page.

3

EXHIBIT "C" Cont'd

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | | | |
|---|---|---|---|
| Inmate Name: | HATFIELD, REX I | | Reg #: 03591-088 |
| Date of Birth: | 09/03/1956 | Sex: M   Race: WHITE | Facility: BEC |
| Encounter Date: | 12/10/2015 14:15 | Provider: Carr, Westley O.D. | Unit: P05 |

Optometry - Optometry Exam encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT 1      **Provider:** Carr, Westley O.D.

**Chief Complaint:** Eyes/Vision Problems

**Subjective:** Pt here for follow up of ocular laceration OS. Patient has been using drops as prescribed. No irritation or discomfort but he is having decreased side vision temporally in the left eye

**Pain:** No

---

**Vision Screen on** 12/10/2015 14:18

Blindness:

| | | | |
|---|---|---|---|
| Distance Vision: | OD: 20/25 | OS: 20/50 | OU: 20/25 |
| Near Vision: | OD: | OS: | OU: |

With Corrective

| | | | |
|---|---|---|---|
| Distance Vision: | OD: | OS | OU: |
| Near Vision: | OD: | OS: | OU: |

Present Glasses - Distance          Refraction - Distance

| | Sphere | Cylinder | Axis | Add | | Sphere | Cylinder | Axis | Add |
|---|---|---|---|---|---|---|---|---|---|
| R: | | | | | R: | | | | |
| L: | | | | | L: | | | | |

Color Test:

Tonometry:   L: 12      R: 12

Comments:

**OBJECTIVE:**

Exam:
- Eyes
  - **General**
    - Yes: Extraocular Movements Intact
  - **Eye Tests**
    - Yes: Cover-Uncover Test Normal
  - **Slit Lamp**
    - Yes: Normal Exam
  - **Periorbital/Orbital/Lids**
    - Yes: Normal Appearing
  - **Eyebrows**
    - Yes: Normal Appearing

**EXHIBIT "C" C ont'd**

| Inmate Name: | HATFIELD, REX I | | | Reg #: | 03591-088 |
|---|---|---|---|---|---|
| Date of Birth: | 09/03/1956 | Sex: | M   Race:   WHITE | Facility: | BEC |
| Encounter Date: | 12/10/2015 14:15 | Provider: | Carr, Westley O.D. | Unit: | P05 |

**Exam:**

    **Conjunctiva and Sclera**
        Yes: Within Normal Limits

    **Cornea and Lens**
        Yes: Normal Appearing

    **Iris**
        Yes: Normal Appearing

    **Pupils**
        Yes: PERRLA

    **Fundus Exam**
        Yes: Grossly Normal Retina

    <u>Comments</u>
    C/D
    .4/.4 OD
    .3/.3 OS

    Pt was told that he was preglaucoma and his C/D ratios were .5/.5 OU.  Upon examaination the OD does appear larger than the OS.  Pt to have a VF 30-2 next week

**ASSESSMENT:**

    Ocular laceration w/o prolapse of intraocular tiss, 871.0 - Current, Temporary/Acute, At Treatment Goal - *Resolved pt to finish course of antibiotics*

    Preglaucoma, unspecified, 365.00 - Current, Chronic, Initial - *Pt to RTO 1 week for IOP check and VF 30-2*

**PLAN:**

**Disposition:**

    Follow-up in 1 Week

**Patient Education Topics:**

| <u>Date Initiated</u> | <u>Format</u> | <u>Handout/Topic</u> | <u>Provider</u> | <u>Outcome</u> |
|---|---|---|---|---|
| 12/10/2015 | Counseling | Diagnosis | Carr, Westley | Verbalizes Understanding |

**Copay Required:** No      **Cosign Required:**  No
**Telephone/Verbal Order:**   No

Completed by Carr, Westley O.D. on 12/10/2015 14:31
Requested to be reviewed by  McLain, Dominick DO, CD.
Review documentation will be displayed on the following page.

EXHIBIT "D"

FCI Beckley
Hatfield, Rex I.
#03591-088
DOB: 09/03/1956

**Consultation Notes for Rex I Hatfield on 02/08/2016**

Reason for Appointment
1. REF: Naphcare -

History of Present Illness
Neurology:

Mr. Hatfield is referred by Dr. Edwards for evaluation of vision difficulties. He says his symptoms began about four months ago when he had an injury to his left eye and had a laceration in his eye. He also had some sort of chemical exposure at the time as he rubbed his eye and some of the chemicals that were on his hands get into his eyes and were quite a bit irritative.

Sometime after this, he began notice difficulty sitting on his left side. He would note that someone was standing on his left side he would be unable to see them. He does not associate eye pain or double vision. He does not recall having this prior to the injury to the eye.

He saw a local optometrist two subsequently send him for visual field testing that seemed to suggest a significant left quadrantanopia affecting only the left eye. His records were reviewed in the office today.

Current Medications
Taking AmLODIPine Besylate 5 MG Tablet 1 tablet Once a day
Taking Acetaminophen 325 MG Tablet 1 tablet as needed tid
Taking Albuterol Sulfate HFA 108 (90 Base) MCG/ACT Aerosol Solution 2 puffs as needed every 4 hrs
Taking Aspir-81 81 MG Tablet Delayed Release 1 tablet Once a day
Taking Atorvastatin Calcium 10 MG Tablet 1 tablet Once a day
Taking Gabapentin 600 MG Tablet 2 tablet Daily
Taking Ibuprofen 800 MG Tablet 1 tablet bid
Taking Lisinopril 10 MG Tablet 1 tablet Once a day
Taking Mometasone Furoate 220 MCG/INH Aerosol Powder Breath Activated 1 puff in the evening Once a day
Taking Omeprazole 20 MG Capsule Delayed Release 1 capsule Once a day
Taking Artificial Tears 0.4 % Solution 1 drop into affected eye as needed Once a day
Taking Tiotropium Bromide Monohydrate 18 MCG Capsule 1 capsule Once a day
Medication List reviewed and reconciled with the patient

Past Medical History
HTN Yes
Arthritis Yes
Depression Yes
Deafness Yes

Surgical History
Appendectomy

Social History
Marital status: divorced.
Working: Yes, .
Living Situation: family, .
Caffeine: more than 4 cups.
Tobacco Use: No,   Are you a: unknown if ever smoked.
Alcohol: None/Never.
Drugs: No, .

Allergies
N.K.D.A.

Vital Signs
Ht 68, Wt UTO, BMI UTO, BP 120/76, SpO2 96, HR 67, RR 16.

Examination
Neurological:

General appearance: Well-appearing and in no distress, he has shackles on his wrists and feet.  Neck: supple, no carotid bruits.  Heart sounds: regular rate and rhythm, no murmurs.  Mental Status: A & O x4, normal speech, language, memory, concentration, attention, and fund of knowledge.  Cranial nerves: II - PERRLA, visual field deficit of the left lower quadrant and finally to left eye. This was by confrontational testing, Optic disks sharp bilaterally with intact venous pulsations, III , IV, VI - EOM full with no dysconjugacy, V - normal jaw strength, intact bilateral facial sensation, VII - No asymmetry or weakness, VIII - Acuity intact to conversation, IX , X- Palate rose in midline., XI - Sternocleidomastoid, trapezius strength intact., XII - Tongue protruded midline w/o atrophy or fasciculations.  Motor Strength: 5/ 5 bilaterally in upper and lower extremities, normal bulk and tone.  Sensory: grossly intact to light touch.  Reflexes: 2+ throughout with bilateral flexor plantar responses.

Assessments
1. Unspecified visual field defects - H53.40 (Primary)

Treatment

From: 3042523616        Page: 2/3        Date: 8/23/2016 7:39:19 AM
8/23/2016 8:36 AM   FROM: Fax Vaught Neurological Services, PLLC  TO: 12052448029     PAGE: 002 OF 003

EXHIBIT "D" Cont'd

FCL-DECHey
Hatfield, Rex
#03591-088
DOB: 9/3/56

**Consultation Notes for Rex I Hatfield on 08/18/2016**

Reason for Appointment
1. f/u MRI

History of Present Illness
Neurology:
    Mr. Hatfield is in the office today to followup for left visual field defect. He does deny any worsening of his symptoms or any development of new visual symptoms. He continues describing difficulty focusing with both eyes. He does report this can occur one day would be perfectly fine the next. He states that some days his vision is corrected by his reading glasses but some days it does not. He continues having a left visual field defect. He reports that if someone is sitting beside him on the left he does not see them. He also reports difficulty walking into objects because of the left visual field defect.
    I did perform a physical exam today including a bedside visual field test which did reveal a left inferior quadrantanopia area. He has seen a local optometrist but has not had an ophthalmology evaluation
    He did have an MRI scan of his brain performed since his last visit. We did review this today and it does reveal some minimal microvascular ischemic changes but no evidence of mass, stroke, tumor, or lesion..

Current Medications
Taking AmLODIPine Besylate 5 MG Tablet 1 tablet Once a day
Taking Acetaminophen 325 MG Tablet 1 tablet as needed tid
Taking Albuterol Suffate HFA 108 (90 Base) MCG/ACT Aerosol Solution 2 puffs as needed every 4 hrs
Taking Aspir-81 81 MG Tablet Delayed Release 1 tablet Once a day
Taking Atorvastatin Calcium 10 MG Tablet 1 tablet Once a day
Taking Gabapentin 600 MG Tablet 2 tablet Daily
Taking Ibuprofen 800 MG Tablet 1 tablet bid
Taking Lisinopril 10 MG Tablet 1 tablet Once a day
Taking Mometasone Furoate 220 MCG/INH Aerosol Powder Breath Activated 1 puff in the evening Once a day
Taking Omeprazole 20 MG Capsule Delayed Release 1 capsule Once a day
Taking Artificial Tears 0.4 % Solution 1 drop into affected eye as needed Once a day
Taking Tiotropium Bromide Monohydrate 18 MCG Capsule 1 capsule Once a day
Medication List reviewed and reconciled with the patient

Past Medical History
HTN Yes
Arthritis Yes
Depression Yes
Deafness Yes

Surgical History
Appendectomy

Family History
Similar Symptoms in Family?: No

Social History
Marital status: divorced.
Working: Yes,
Living Situation: family, .
Caffeine: more than 4 cups.
Tobacco Use: No,   Are you a: unknown if ever smoked.
Alcohol: None/Never.
Drugs: No, .

Allergies
N.K.D.A.

Hospitalization/Major Diagnostic Procedure
No Hospitalization History.

Vital Signs
Ht 68, Wt UTO, BMI UTO, BP 110/78, SpO2 97, HR 84, RR 16.

Examination
Neurological:
    General appearance: Well-appearing and in no distress, he has shackles on his wrists and feet.  Neck: supple, no carotid bruits.  Heart sounds: regular rate and rhythm, no murmurs.  Mental Status: A & O x4, normal speech, language, memory, concentration, attention, and fund of knowledge.  Cranial nerves: II - PERRLA, visual field deficit of the left lower quadrant and finally to left eye. This was by confrontational testing, Optic disks sharp bilaterally with intact venous pulsations, III , IV, VI - EOM full with no dysconjuagacy, V - normal jaw strength, intact bilateral facial sensation, VII - No asymmetry or weakness, VIII - Acuity intact to conversation, IX , X- Palate rose in midline., XI - Sternocleidomastoid, trapezius strength intact., XII - Tongue protruded midline w/o atrophy or fasciculations.  Motor

IX

Hatfield, Rex
# 03591-088
DOB: 9/8/56
FCI-Beckley

EXHIBIT "D"




**OPHTHALMOLOGY**

**Charleston Area Medical Center**

Suite 105
1201 Washington St. East
Charleston, WV 25301
(304) 388-6620
Fax: (304) 388-6629

Name: Rex Hatfield:
DOB: 9-3-56
Date of exam: 10-18-16

CC: pt states decreased vf OS laterally X 2 yrs
HPI: Pt states 2 yrs ago he had an injury to the left eye. States a piece of metal flew in the left eye and and cut it. States he needed stitches but they waited too long to get him in for an apt. Pt states after than he noticed that his peripheral vision was decreased. Pt states when OS gets dry it feels like he has a FB in it. Uses artificial tears and this helps, has also been dx with preglaucoma
Past ocular history: +glasses, no lasers, no injections, no eye surgeries, Conj laceration OS 2014 without ocular prolapse,
Past Medical hisatory: HTN, athma, black lung?, HLD, acid reflux, schizophrenia
Past surgical history: appendectomy
Family history: denies age-related macular degeneration, siblings glaucoma, denies -retinal detachment
Social history: denies tobacco, denies alcohol, and denies drugs.
Allergies: NKDA
Meds: amlodipine, acetaminophen, albuterol, albuterol, asa, atorvastin, ibuprofen, Lisinopril, mometasone, omeprazole, tictropium bromide
Eye drops: at prn

History obtained by Dr. Kadikoy and Technician Lea Ann Coleman, COA/ Dianna Richardson/Jeremy Donohew, COA
History reviewed by Dr. Kadikoy

Physical Exam:

AAO x 3
Mood and affect: pleasant
Visual acuity:    OD 20/40+2    PH 20/30+2
sc Snellen    OS 20/30    PH NI

Manifest refraction 10-18-16:    OD +0.75 − 0.50 x 165  20/20    +2.25  20/20
                                 OS +0.50 sph  20/20                20/20

Previous prescription:    OD
                          OS

15

EXHIBIT E1

**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM**
**FCI BECKLEY, WEST VIRGINIA**

Inmate Name: __HATFIELD, Rex__          Register Number: __#03591-088__

Assigned Unit:__PINE BL__  Counselor:__J. Grimes__ Date:__April 24, 2017__

NOTICE TO INMATE: You are advised that normally prior to filing a Request for Administrative Remedy, BP-299(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1. State Specific Complaint:   I was never given confirmation or a copy of the accident report for the eye injury I suffered at UNICOR Industries.  On October 28, 2015, while at work in UNICOR I was using a back pin removal tool on a Liberty chair back when the tool broke and a piece of it went into my eye.

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page.  You must also submit one copy of supporting exhibits.  (Exhibits will not be returned with the BP-229(13) response.)

2. State what actions you have made to informally resolve your complaint:   I have brought it to the attention of medical personnel and my counselor.

3. State what resolution you expect:   Under IACA rules I am entitled to a copy of the accident report.

Inmate's Signature: _Rex J Hatfield_          Date: _5/3/ 2017_

4. Correctional Counselor's Comments (Steps to Resolve):   See ATTACHMENT A

Counselor's Signature:  _____          Date:  4·24·17

Unit Manager's Review:  _____          Date:  _____

Informally Resolved:  _____          Date:  _____

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | TO REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 4-24-17 | 5-4-17 | 6-1-17 | 6-5-17 | |
| TIME | | | | | |
| COUNSELOR | | | | | |

BEC 1330-13f          Administrative Remedy Program          Attachment A

8

Sent 5-4-17 (Unicor)
Resent 5-5-17 To Mel/Safety

EXHIBIT E2

Informal Resolution-cont'd    Rex Hatfield   03592-088


The next morning, 10/29/15, I told Mr. Tate that the eyedrops
I had used were not working and I needed to go to medical. I
was seem by Westley Carr O.D. I had a 5mm jagged laceration
of the buibar conjunction to the temporal side O.S. The conjunc-
tiva has a 5mm x 4mm flap that is mobile, with a conjunctive
hemmorage in the same area. I told Mr. Carr that the piece of
tool that hit my eye made it itch like dry eye and that I had
rubbed the eye with chemicals that were on my hands due to Brett
Boyd's failure to provide UNICOR workers with soap beginning
in June of 2015. I was given a lay in for a week, stating that
I did not want to be around chemicals with an open cut to the
eye. I filed a grievance against UNICOR for not providing soap
in the soap dispensers on 11/3/2015. Brett Boyd called me to
UNICOR to resolve the grievance. While I was there he had me
sign papers so IACA would pay for damages to my eye and pay
for lost wages. I want confirmation that UNICOR filed the reports
like I was promised by Mr. Boyd. UNICOR and safety failed to
provide me with a copy of the accident report. The accident
has left me partially blind in my left eye due to the cut and
chemical exposure.. This has caused nerve damage to the eye.


_Rex Hatfield_
Rex Hatfield

EXHIBIT E5

**John Grimes - RE: 8 1/2**

| | |
|---|---|
| **From:** | "Kilgore, Thomas" <Tom.Kilgore@usdoj.gov> |
| **To:** | "Grimes, John (BOP)" <John.Grimes@usdoj.gov> |
| **Date:** | 5/30/2017 2:18 PM |
| **Subject:** | RE: 8 1/2 |
| **BC:** | John Grimes |
| **Attachments:** | Injury Eval by optometrist |

Due to Inmate Hatfield not reporting his injury during the time of the incident in UNICOR. The accident Report was done in Medical. Please see att:

> > > John Grimes 5/30/2017 10:43 AM > > >
Please see attached complaint. Email me your response when complete.

Thanks
  JG

J. Grimes, Counselor

"This message is intended for official use and may contain SENSITIVE information, it should be properly delivered, labeled, stored, and disposed of according to policy."

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

EXHIBIT F1

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | HATFIELD REX I. | 03591-088 | PINE B LOW | FCI-BEC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am disputing the UNICOR response to the grievance I filed regarding the eye injury that occurred during working hours on Thursday, October 28, 2015. In the response to my informal resolution UNICOR personnel claim that I did not report the incident at the time it occurred. This is untrue. When the tool broke (Liberty/World back pin removal pliers, #9900380008NL00) I went to officer Tate and gave him the broken tool and told him something hit me in the eye when it broke. The next day, Friday, October 29, 2015 I showed Officer Tate eye drops that I was using to help relieve the irritation and I told him I may need to see a doctor. Officer Tate would not confirm that this happened. However, my medical records show that at 10:53am on October 29, 2015 I was at medical where I was examined by Dr. Westley Carr, Optometrist, where he recommended that I be taken to have stitches put into my eye because of the damage. A note in the medical report state; "Yesterday, right before work ended at UNICOR IM states that his left eye started itching and burning like dry eye. When he woke this morning it was extremely red and has a FB sensation or possible a 'cut place.'

| 6/5/2017 | | Cont'd |
|---|---|---|
| DATE | SIGNATURE OF REQUESTER | |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE     CASE NUMBER: 905776-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

USP LVN

EXHIBIT F2

HATFIELD, REX I.    CONT'D

On Tuesday, November 2, 2015, Mr. Boyd called me to UNICOR to discuss a grievance that I and several others had filed regarding the lack of soap in the restroom. We arrived at a solution to that problem and I signed off on the grievance. At the same time we talked about my eye and Mr. Boyd had me sign papers regarding compensation for my time off because of the injury. I was on medical lay-in for a week.

I have not received any compensation for my time off because of the injury. It was the responsibility of Officer Tate to file an injury report at the time of the incident. He apparently did not. In addition, work-related accidents and injuries are investigated and documented by the detail supervisor and the Safety Department. This was not done. Lost-time Work Injuries require a completed BP-140. "The detail of Assignment at the time of injury is responsible for lost-time compensation, including for those transferred to a Medical Center for additional care. None of this was done. I have not received any compensation for my time off, safety does not have a copy of any injury report as required, and now UNICOR denies that any injury occurred, which is patently false.

Date: 6/5/2017

Rex I. Hatfield

EXHIBIT F3

REJECTION NOTICE - ADMINISTRATIVE REMEDY     PBL

DATE: JUNE 13, 2017


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : REX I HATFIELD, 03591-088
      BECKLEY FCI     UNT: PINE     QTR: P05-103LH
      P.O. BOX 1280
      BEAVER,  WV 25813


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 905176-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : JUNE 13, 2017
SUBJECT 1       : OTHER MEDICAL MATTERS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.


Issued To Tim on
6-22-17.

U.S. Department of Justice      EXHIBIT G1      **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | HATFIELD REX I | 03591-088 | PINE B LOW | FCI-BEC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I am appealing Warden Young's response to the grievance I filed regarding an eye injury I suffered while working at UNICOR. I was denied for not submitting a formal written Administrative Remedy Request within the allowed time. However, I did file the request within 20 days of becoming aware that proper procedures were not followed when the initial injury took place. This is because no report was ever filed and is now being covered up. According to program statement 8570.01, Accounting Procedures for Civilian and Inmate Payrolls, all inmates are to be given the booklet entitled; "Inmate Accident Compensation Procedures." Not only do inmates **not** receive such a booklet when arriving at the institution but no one, including staff have ever heard of it. I relied on staff, specifically UNICOR staff, to take the proper action which they did not do. At the time of the injury I showed Supervisor Tate the broken tool and told him something hit me in the eye. I went to wash my eye out but when doing so I irritated it even more because of the chemicals I had on my hands. There was no soap in which to wash my hands which was a complaint that the workers had against

Cont'd

| _____ | _____ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| _____ | _____ |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE      CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| _____ | _____ |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)

Issued to Im Hatfield #03591-088 on 6.30.17, Appeal # 905176-F

**U.S. Department of Justice**                          **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

EXHIBIT G2

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | HATFIELD REX I | 03591-088 | PINE B LOW | FCI-BEC |
|-------|----------------|-----------|------------|---------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   I am appealing Warden Young's response to the grievance I filed regarding an eye injury I suffered while working at UNICOR. I was denied for not submitting a formal written Administrative Remedy Request within the allowed time. However, I did file the request within 20 days of becoming aware that proper procedures were not followed when the initial injury took place. This is because no report was ever filed and is now being covered up.   According to program statement 8570.01, Accounting Procedures for Civilian and Inmate Payrolls, all inmates are to be given the booklet entitled; "Inmate Accident Compensation Procedures." Not only do inmates **not** receive such a booklet when arriving at the institution but no one, including staff have ever heard of it. I relied on staff, specifically UNICOR staff, to take the proper action which they did not do. At the time of the injury I showed Supervisor Tate the broken tool and told him something hit me in the eye. I went to wash my eye out but when doing so I irritated it even more because of the chemicals I had on my hands. There was no soap in which to wash my hands which was a complaint that the workers had against

Cont'd

| 6/25/2017 | Rex Hatfield |
|-----------|--------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

Received

JUL 1 0 2017

Bureau of Prisons
MARO Regional Counsel

---

| DATE | REGIONAL DIRECTOR |
|------|-------------------|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 905176-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)

EXHIBIT 63

Cont'd   Hatfield, Rex I.

UNICOR at the time. By the next morning my eye was bothering me so much that I went to medical (see attached medical reports). The BP-9 verifies the injury the location and the specific tool that broke.

28 CFR 301.104; Whenever an inmate worker is injured while in the perfor-mance of the assigned duty regardless of the extent of the injury the inmate shall immediately report the injury to his official work detail supervisor.

I did report the injury to Supervisor Tate and showed him the broken tool.

28 CFR 301.105, Investigation and report of injury.

(a) After initiating necessary action for medical attention, the work detail supervisor shall completely secure a record of the cause, nature and exact extent of the injury. The work detail supervisor shall complete a BP-140, Injury Report (Inmate), on all injuries reported by the inmate, as well as injuries observed by staff... The injury report shall contain a signed state-ment from the inmate on how the accident occurred. The names and statements of all witnesses (e.g. staff, inmates or others) shall be included in the report. If the injury resulted from operation of mechanical equipment, an identifying description or photograph of the machine or instrument causing the injury shall be obtained, to include a description of all safety equipment used by the injured inmate at the time of the injury. Staff shall provide the inmate with a copy of the injury report. Staff shall then forward the original and remaining copies of the injury report to the Institutional Safety Manager for review.

(b) The Institution Safety Manager shall ensure that a medical description of the injury is included on the BP-140 whenever the injury requires medical attention. The Institution Safety Manager shall also ensure that the appro-priate sections of BP-1240, Page 2, Injury-Lost-Time-Follow-Up Report are completed and that all reported work injuries are properly documented.

The only reason I found out that a report was never filed is due to pending litigation that may substantially reduce my sentence or set me free and pending the outcome I wanted to obtain an injury report pursuant to 28 CFR 301.303 which states; No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a result of an industrial, institution or other work related injury shall submit a FPI Form 43, Inmate Claim for Compensation on account of Work Injury.

Upon finding out that no report was ever filed I immediately filed an informal resolution only to have the response come back to "sensitive" to see. UNICOR personnel (SOI Kilgore) is attempting to cover up the incident claiming that it never happened. However, medical records clearly dispute his contention.

None of the proper procedures were followed regarding this matter and having discovered their error staff is attempting a cover-up making prison and UNICOR officials liable for the injury and compensation.

Compliance with safety issues are overseen by OSHA and any violations of these procedures should be reported to the regional office of OSHA.

Date: 6 / 25 / 2017

Rex Hatfield

EXHIBIT G4

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 11, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : REX I HATFIELD, 03591-088
      BECKLEY FCI     UNT: PINE     QTR: P05-103LH
      P.O. BOX 1280
      BEAVER,  WV 25813


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 905176-R1      REGIONAL APPEAL
DATE RECEIVED  : JULY 10, 2017
SUBJECT 1      : OTHER MEDICAL MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.


*Issued to Im on*

*7-17-17*

*I sent to In Hatfield #03591-008 on 7-1-77, Appeal # 905176-X1*

EXHIBIT H 1

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

D. Collins

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | HATFIELD | REX | I. | 03591-088 | Pine B Lower FCI-BEC |
|-------|----------|-----|----|-----------|---------------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | | | REG. NO. | UNIT · INSTITUTION |

**Part A - REASON FOR APPEAL**

I am appealing the Mid-Atlantic's denial of my Administrative Remedy regarding an eye injury I suffered while working at UNICOR Industries. According to the Region the BP-10 "untimely." They claim that they did not receive the BP-10 until July 10, 2017. This is absolutely false. I sent the BP-10 **Certified Mail, Return Receipt Requested** (See attached copy). As is apparent D. Pacey signed for the BP-10 on June 29, 2017. Even if the July 10th date is accurate it is within the 20 days of me receiving the response from my Counselor, J. Grimes, on June 23, 2017. (See blank copy of BP-10, top of page appeal no. 905176-F1) The reason that I sent the response Certified Mail is because the region has regularly denied appeals for being untimely when in fact they were not. In there Rejection Reason 2 they claim I needed a verification from staff stating the reason that the filing was not my fault. Isn't my counselor's signature and date that he gave me the Warden's response and blank BP-10 sufficient, he is considered "Staff." Reason 2 denial not relevant. Rejection Reason3

Cont'd

| 7/20/2017 | | Rex Hatfield |
|-----------|--|--------------|
| DATE | | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| 7/20/2017 | | Rex |
|-----------|--|-----|
| DATE | | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|--|----------------------------------|----------|------|-------------|

SUBJECT: _____

| | | | |
|--|--|--|--|
| DATE | | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | |

USP LVN          PRINTED ON RECYCLED PAPER          BP-231(13)
JUNE 2002

EXHIBIT H2

Hatfield, Rex I. Cont'd

claims that I did not include the Administrative Remedy nor the Warden's response. This is also false as I sent copies of all previous documentation with the BP-10. When I was given the BP-10 response from my counselor the staple holding the package together had been removed and all of the documentation was there. When I showed him that the BP-9 and response was infact included he rolled his eyes. There seems to be an attempt to cover up the eye injury I suffered while working at UNICOR and the fact that no report of the incident was ever filed, it was only by circumstance that I discovered that no report was filed. (See BP-9) It is my valid assertion that the BOP, specifically FCI Beckley, UNICOR Industries and UNICOR management staff, SOI Kilgore and Manager Tate are trying to cover-up the fact that the injury occurred and a proper report was never filed.

I have made every attempt to follow the proper procedures for my claim only to have the BOP attempt to squash the claim due to their errors and negligence.

Documentation supports my claim that the eye injury occurred while I was performing my duties at UNICOR. Facts also support that the injury was further exasperated by the chemicals that got into my eye because of the lack of soap which UNICOR failed to provide even after the fact that the workers complained as a group. Due to this negligence the eye injury was made worse and according to eye specialists, the damage became permanent.

I have medical records and affidavits supporting everything that I contend happened. It seems that the BOP wants to cover-up the injury rather than do the right thing.

"individuals, including federal prison inmates, may thus bring negligence suits against the United States pursuant to FTCA (Federal Tort Claims Act) for negligent acts or omission of federal employees."

According to Title 5 United States Code 8107 the loss of an eye is 160 weeks compensation. I made on average $50.00 per week at UNICOR which equals $8000.00 in compensation.

It is obvious that SOI Kilgore and Manager Tate are covering up the incident in order to protect themselves.

I wish to be compensated fairly for the permanent damage to my eye.

Date: 7/20/2017

Rex I. Hatfield

16

EXHIBIT H3

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JULY 27, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : REX I HATFIELD, 03591-088
      BECKLEY FCI     UNT: PINE     QTR: P05-103LH

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 893769-A1
DATE RECEIVED   : JUNE 13, 2017
RESPONSE DUE    : AUGUST 12, 2017
SUBJECT 1       : UNICOR WORK ASSIGNMENT - OTHER
SUBJECT 2       :

EXHIBIT I

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT** FLOWER
Domestic Mail Only

7016 3219 9704

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☑ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  REGIONAL DIRECTOR SUIT 200
Street and Apt. No., or PO Box No. 302 SENTINEL DRIVE BUREAU of PRISONS
City, State, ZIP+4  ANNAPOLIS JCT MD 20701

7016 1370 0002 3219 9704

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

REGIONAL DIRECTOR, SUIT 200
302 SENTINEL DRIVE BUREAU
OF PRISONS, ANNAPOLIS JCT
MD 20701

9590 9402 1862 6104 8740 56

2. Article Number (Transfer from service label)

7016 1370 0002 3219 9704

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
D. Pacey                            6/29/11

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☑ No

3. Service Type
☐ Adult Signature                   ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☑ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☑ Certified Mail Restricted Delivery ☑ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, Address of claimant and claimant=s personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Bureau of Prisons 302 Sentinal Dr., Suite 200 Annaplois Junction, MD 20701 | HATFIELD, Rex #03591-088 , FCI Beckley, P.O. Box 350 Beaver, WV 25813 |

| 3. TYPE OF EMPLOYMENT 9 MILITARY  9 CIVILIAN | 4. DATE OF BIRTH 09/03/1956 | 5. MARITAL STATUS DIV. | 6. DATE AND DAY OF ACCIDENT Thurs. 10/28/2015 | 7. TIME (A.M. OR P.M.) 14:30  pm |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damages, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

SEE ATTACHED CLAIM AND DESCRIPTION OF CIRCUMSTANCES

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Ocular laceration, loss of vision of left eye.

11. WITNESSES  See attached List

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)  $$55,000.00

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $55,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $55,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.

C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM

FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,
to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? 9 Yes, If yes, give name and address of insurance company.(Name, street, city, State, and Zip Code) and policy number. 9 No

NO

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

19. Do you carry public liability and property damage insurance? 9 Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) 9 No

SF 95 (Rev. 7-85) BACK

Bureau of Prisons                          September 27, 2017
302 Sentinel Dr.
Suite 200
Annapolis Junction, MD 20701


Re: Rex I. Hatfield
    03591-088
    TORT claim


To Whom it may concern:

     I am writing regarding the so-called administrative appeal
that was sent back to me. Let me be clear, this is <u>NOT</u> an
administrative remedy or an appeal for such. This is a TORT
claim regarding an eye injury that I suffered while on duty
at UNICOR Industries. I am filing it as a TORT claim because
the BOP staff failed to file an injury report at the time of
the incident as required by the Inmate Accident Compensation
Act.
     Administrative Remedies <u>are not</u> required prior to filing
a TORT claim. I started administrative remedies in order to
give the BOP an opportunity to do the right thing and correct
the situation. However, rather than correcting the situation
they have done everything they can to deny the accident happened
and prevent me from filing a claim. They denied the regional
appeal claiming that they received it late because they did
not receive it until July 11, 2017 when in fact it was signed
for by Certified Mail, Return Receipt Requested on June 26,
2017 by D. Pacey. (see attached).
     Let me reiterate, <u>Remedies are not required</u> to file a TORT
claim.
     I can only assume that the reason the packet I sent was
returned is another attempt to stall until the two year filing
date for the TORT claim expires on October 28, 2017.
     I am re-sending the packet, I want it logged as a TORT
claim (remedies are attached for evidentiary purposes only).
Pursuant to 28 C.F.R. Part 14 I want a letter acknowledging
the claim.
     Failure to act by October 28, 2017 will be considered a
rejection of the claim and a TORT claim will be filed in United
States District Court immediately.


                                  Sincerely;

                                  Rex I. Hatfield

Rex Harfield
#03591-088
Federal Correctional i
P.O.Box #350
Beaver, WV 25813
United States

*Legal Mail*

<<03591-088<<
Robert C Byrd United States
Court House 110 North
ROOM 119 Heber Strret
Beckley, WV 25801
United States

Charleston P&DC 253
THU 08 MAR 2018 PM

U.S. POSTAGE
PAID
BEAVER, WV
25801
MAR 08, 18
AMOUNT
**$0.00**
R2304M115237-05

1000

25801

FOREVER USA    FOREVER USA



FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
BEAVER, WV 25813

DATE _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU   MAY WISH TO RETURN THE MATERIAL
FOR FURTHER   INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE
_____ENCLOSURE TO THE ABOVE ADDRESS.