## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| REX I. HATFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:18-00420 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 3), filed on March 12, 2018. For the reasons explained below, the undersigned has concluded that Plaintiff's above Motion should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2018, Plaintiff, acting *pro se*, filed his "Motion for Damages and Supporting Brief Pursuant to 18 U.S.C. § 4126, Inmate Accident Compensation Act," which this Court construed as a Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*[1] (Document No. 2.) Plaintiff appears to seek monetary relief due to an eye injury he suffered while working at FCI Beckley. (Id.) Plaintiff alleges that the United

---

[1] The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. Federal inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 21-23, 100 S.Ct. 1468, 1472-74, 64 L.Ed.2d 15 (1980).

States and UNICOR were negligence when "they failed to follow proper procedures when Plaintiff was injured." (Id.) Plaintiff further states that medical personnel were negligence when they failed to properly treat Plaintiff's eye injury. (Id.) As a result, Plaintiff states that he suffered scarring and permanent damage to his eye. (Id.)

On the same day, Plaintiff also filed his instant Motion for a Temporary Restraining Order or Preliminary Injunction. (Document No. 3.) In his Motion, Plaintiff requests "an injunction restraining defendant, United States of America, from taking action to transfer or otherwise hinder him from pursuing the pending Motion for Damages Pursuant to 18 U.S.C. § 4126, Inmate Accident Compensation." (Id.) Plaintiff states that he believes an injunction is necessary "to preserve the jurisdiction of this Court in that Plaintiff has been threatened with transfer." (Id.) Thus, Plaintiff concludes that he will suffer irreparable harm because he will be deprived of his right to due process. (Id.)

By "Order and Notice" filed on March 13, 2018, the undersigned notify Plaintiff of the procedure for filing a claim under the Inmate Accident Compensation Act ["IACA"] and instructed Plaintiff notify the Court as to whether he intended to pursue his claim under the IACA or the FTCA. (Document No. 5.) On March 26, 2018, Plaintiff notified the Court that he wished to pursue his claim under the FTCA. (Document No. 6.)

**THE STANDARD**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies

2

to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[2] The Fourth Circuit has explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate

---

[2] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

3

by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id.
Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only
a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization
of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the
plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a
Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate
a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March
24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir.
1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate
irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by
movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v.
Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other
grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL
1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As
the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm
to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear
showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for
the public consequences in employing the extraordinary remedies of an injunction." Id.(citations
omitted).

## DISCUSSION

    First, the undersigned notes that Plaintiff has failed to establish that he is likely to succeed
upon the merits. Although the FTCA authorizes suits against the United States for damages for
injuries caused by the negligent of any employee of the United States while acting within the scope

4

of his or her office or employment, the IACA provides the exclusive remedy for injuries incurred in work-related incidents. See United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). At this point in the proceedings, it appears that Plaintiff's injuries may be work-related. Next, Plaintiff has failed to show that he will suffer irreparable harm if the temporary or preliminary injunction is denied. Plaintiff merely speculates that this Court will lose jurisdiction if Plaintiff is transferred to a different prison. Plaintiff, however, is incorrect in this belief. Title 28 U.S.C. § 1402(b), provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Plaintiff alleges that his injuries occurred at FCI Beckley, which is within the Southern District of West Virginia. Thus, Plaintiff's speculative and incorrect allegation that jurisdiction will be lost and irreparable harm will result is without merit. As explained above, the mere possibility of harm will not suffice to support the granting of a temporary or preliminary injunction. Winter, 55 U.S. at 22, 129 S.Ct. at 375-76. Therefore, the undersigned finds that Plaintiff has not clearly shown that he is likely to succeed on the merits, or that he is likely to be irreparably harmed without a temporary or preliminary injunction. Accordingly, it is respectfully recommended that the District Court deny Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 3).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 3).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 30, 2018.

Omar J. Aboulhosn
United States Magistrate Judge