# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

REX L. HATFIELD,

        Plaintiff,

v.                                                CIVIL ACTION NO. 5:18-cv-00420

UNITED STATES OF AMERICA,

        Defendant.

## MEMORMANDUM OPINION AND ORDER

The Court has reviewed the *Motion for Damages and Supporting Brief Pursuant to 18 U.S.C. § 4126, Inmate Accident Compensation Act* [1] (Document 2), *Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 16), *Defendant's Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 17), and *Plaintiff's Response in Opposition to Defendant's Motion and Declaration's* (Document 20).

By *Standing Order* (Document 4) entered on March 12, 2018, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

---

[1] On March 13, 2018, the Magistrate Judge entered an *Order and Notice* (Document 5) advising the Plaintiff that the Court construed the motion as a Complaint seeking relief pursuant to the Federal Tort Claims Act (FTCA). The Order and Notice further notified the Plaintiff of the procedure for filing a claim under the Inmate Accident Compensation Act (IACA) and instructed the Plaintiff to notify the Court as to whether he intended to pursue his claim under the IACA or the FTCA. On March 26, 2018, the Plaintiff filed his *Response to Order and Notice* (Document 6) advising that he wished to pursue his claim under the FTCA.

On August 28, 2018, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 24), wherein it is recommended that this Court grant the Defendant's motion to dismiss and remove this matter from the Court's docket. The Plaintiff timely filed *Objections to Magistrate Judge Omar J. Aboulhosn Proposed Findings and Recommendations* (Document 25). For the reasons stated herein, the Court finds that the Plaintiff's objections must be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

On October 28, 2015, the Plaintiff was injured while working at his prison job when a tool snapped apart and a piece of the tool struck him in the left eye. The Plaintiff states that he immediately reported the incident to the UNICOR shop manager.[2] The Plaintiff recounts that he went to the housing unit and experienced pain the entire evening. The following day, he reported to work and informed the shop manager that he needed to go to medical. Later that morning, while at medical for an unrelated Chronic Care Clinic appointment, the Plaintiff notified medical staff of his eye injury. That day, an optometrist examined the Plaintiff's eye and noted a laceration on the eye, along with other injuries and concluded that he had an ocular laceration without prolapse of the intraocular tissue. The optometrist prescribed gentamicin ointment for the

---

2 "UNICOR" is the trade name for the Federal Prison Industries Inc., a government corporation within the Bureau of Prisons, the purpose of which is to provide work simulation programs and training opportunities for inmates. *See* 28 C.F.R. § 345.11.

Plaintiff and instructed him on how to wear an eye patch. On November 5, 2015, an ophthalmologist examined the Plaintiff's eye and diagnosed him with pre-glaucoma and prescribed antibiotic drops and ointment to use on his eye. In 2016 and 2017, the Plaintiff was evaluated and treated by an optometrist, ophthalmologist, and neurologist for his eye injury, glaucoma, and problems with his vision.

On March 12, 2018, the Plaintiff filed the complaint and a motion for a temporary restraining order or preliminary injunction to prevent the United States of America from taking action to transfer or hinder him from pursuing his claim. On March 30, 2018, the Magistrate Judge granted the Plaintiff's application to proceed without prepayment of fees and submitted a PF&R, which recommended that this Court deny the Plaintiff's motion for a temporary restraining order. On April 30, 2018, this Court adopted the Magistrate Judge's recommendation and denied the motion.

On June 6, 2018, the Defendant filed a motion to dismiss or in the alternative motion for summary judgment and a memorandum of law in support. On June 7, 2018, the Magistrate Judge issued a notice to the Plaintiff, advising him of his right to respond to the motion. On June 21, 2018, the Plaintiff filed a response in opposition. As stated above, the Magistrate Judge submitted a *Proposed Findings and Recommendation* on August 28, 2018.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition,

this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

The Magistrate Judge concluded that the Plaintiff's Federal Tort Claims Act ("FTCA") claim is barred as a matter of law under the Inmate Accident Compensation Act ("IACA"). The Plaintiff objects to the PF&R because he alleges that officials at the prison have refused to give him the forms to start the process for filing a claim under the IACA, and alleges that he has been told there is no record of the incident. Additionally, the Plaintiff concedes that he can still file a claim under the IACA because he has not been released from custody, but objects to the PF&R because he believes that the officials at the prison will not cooperate with the request, and notes that he is 45 days away from being released.[3] Finally, the Plaintiff objects to the PF&R and argues that denial of adequate medical care subsequent to work related injury may form the basis of a claim under the FTCA.

The IACA provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Inmates injured are covered by the

---

3 As of September 2018, the Plaintiff alleged that he was set to be released from the custody of the Federal Bureau of Prisons in 45 days. The record reveals that he is not scheduled to be released until 2034. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (under "the find by number" tab enter "03591-088" and click search)

IACA and may not bring claims under the FTCA. *See United States v. Demko*, 385 U.S. 149 152-3 (1966) ("Until Congress decides differently we accept the prison compensation law as an adequate substitute for a system of recovery by common-law torts."). Here, the Plaintiff concedes that he suffered a work-related injury while working at his UNICOR job.

It is settled law that prisoners covered by the IACA are precluded from bringing a claim for work-related injuries through the FTCA. *Demko,* 385 U.S. at 153–54. Consequently, the Court does not have jurisdiction over *any* FTCA claim that a Plaintiff attempts to raise, and, to the extent that it is construed as seeking to assert a claim under the FTCA, his complaint is subject to summary dismissal. *United States v. Cole*, 376 F.2d 848, 849 (5th Cir. 1967) (citing *Demko*).

The Plaintiff cites *Scott v. Reno*, 902 F. Supp. 1190 (C.D. Cal. 1995)[4] to support his theory that he can bring an FTCA claim *instead of* seeking redress under the IACA. The Plaintiff's reliance on *Scott* is misplaced. In *Scott,* the Court noted, "[t]o the extent that [the Plaintiff] alleges injuries arising from his prison work, [the Defendants] are correct. Under *Demko* . . . [the Plaintiff] has no *Bivens* claim[5] for work-related injuries" because "prisoner[s] cannot bring claims under the [FTCA] for work-related injuries." *Id*. at 1193. Moreover, in *Scott,* the Plaintiff sought relief under the Eighth Amendment for deliberate indifference to his serious medical needs, under the due process clause of the Fifth Amendment for his "retaliatory" transfer to another prison, and under the Fourteenth Amendment for the violation of his right to "personal security." *Id* at 1192.

---

[4] It is important to note that the United States District Court for the District of California is not binding authority for this Court.

[5] Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities.

In this case, the Plaintiff only relies on the FTCA for relief. Finally, the facts in *Scott* are not similar to the facts in this case. In *Scott,* the Court allowed the case to proceed because:

> "Plaintiff also alleges deliberate indifference to his serious medical needs after the injury. He alleges that defendants still denied him access to medical care for approximately 1½ days after prison medical staff improperly diagnosed the injury as a sprain, rather than a broken leg, and after discovering the leg was broken. Plaintiff further claims that despite the surgeon's recommendation to remove the metal plate and screws within four to five months, and despite his repeated requests for their removal, the metal plate and screws remained in his leg as of March 26, 1994."

Here, the record reveals no claims like those presented in *Scott,* and unlike the allegations in *Scott*, nothing in the record reveals that there have been any attempts to transfer the Plaintiff in an attempt to avoid treating his medical issue.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Objections to Magistrate Judge Omar J. Aboulhosn Proposed Findings and Recommendations* (Document 25) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 24) be **ADOPTED**. Specifically, the Court **ORDERS** that the *Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 16) be **GRANTED** and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: February 28, 2019

*signature*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA